UNITED STATES of America,
Plaintiff–Appellee,

v.

Ray Anthony PACE,
Defendant–Appellant.

No. 89–50184.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 1989.

Decided Jan. 12, 1990.

Terry Amdur, Pasadena, Cal., for defendant-appellant.

· Michael W. Fitzgerald, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

---

**1104**

Before BROWNING, FERGUSON and REINHARDT, Circuit Judges.

PER CURIAM:

Appellant Anthony Ray Pace, found guilty of possession with intent to distribute cocaine, appeals the district court's denial of his motion to suppress evidence seized during a consensual pat-down search 709 F.Supp. 948. We affirm.

## I

On January 9, 1988, at approximately 11:25 p.m., Special Agent Marcello of the United States Drug Enforcement Agency and Detectives Gossett and May of the Los Angeles Police Department were conducting surveillance for drug couriers at Los Angeles International Airport. They noticed Pace and decided to question him. The agents identified themselves and told Pace they would like to talk to him for a few minutes but he was free to leave. The agents informed Pace they were looking for narcotics and large sums of cash. Pace consented to a search of his carry-on bag, in which nothing was found. Pace then consented to a pat-down of his outer garments. Gossett felt two hard brick-like objects on Pace's back and Marcello lifted up Pace's ski parka and sweater and uncovered two bricks of what turned out to be cocaine.

Pace was arrested and entered a conditional guilty plea, reserving the right to appeal. He now moves to suppress evidence of the cocaine as discovered through an illegal search.

## II

Appellant concedes he consented to a pat-down to determine whether he was carrying narcotics. Recovery of the cocaine was "within the scope of the initial consent." *United States v. Sierra-Hernandez*, 581 F.2d 760, 764 (9th Cir.1978). The drug agents conducted a reasonable pat-down search with the defendant's consent, and were entitled to remove the bulky objects which they reasonably suspected from the pat-down to be bricks of cocaine.

AFFIRMED.